Cosma Garcia v. Garland

BIA
Hochul, IJ
A205 276 390

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-three.

PRESENT:
>        ROBERT D. SACK,
>        MICHAEL H. PARK,
>        EUNICE C. LEE,
>             *Circuit Judges.*

_____

ROSALIA COSMA GARCIA,
>        *Petitioner*,

>        v.                                          **21-6097**
>                                                    **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**   Jose Perez, Esq., Syracuse, NY.

**FOR RESPONDENT:**   Brian Boynton, Assistant Attorney General; Greg Mack, Senior Litigation Counsel; Jaclyn G. Hagner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Rosalia Cosma Garcia, a native and citizen of Mexico, seeks review of a January 21, 2021 decision of the BIA affirming a July 12, 2018 decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rosalia Cosma Garcia*, No. A205 276 390 (B.I.A. Jan. 21, 2021), *aff'g* No. A205 276 390 (Immigr. Ct. Buffalo July 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the grounds for the denial of relief that the BIA did not rely on, here the IJ's adverse credibility determination and denial of asylum as time barred. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we consider

2

only the agency's (1) denial of asylum and withholding of removal for lack of cognizable social groups and (2) denial of the CAT claim. We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The BIA concluded that Cosma Garcia had not meaningfully challenged the IJ's conclusion that her proposed social groups—victims of domestic violence and victims of gang violence—were not cognizable. Cosma Garcia's challenge here to the denial of asylum and withholding of removal is cursory and does not establish error in the agency's decision. She has thus abandoned any challenge on appeal to the BIA's determination that she failed to sufficiently raise cognizability. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming claims that were "not sufficiently argued in the briefs" abandoned). She also failed to exhaust the issues she raises here before the BIA. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 123 (2d Cir. 2007) ("[U]sually . . . issues not raised to the BIA will not be examined by the reviewing court.").

Even if the BIA affirmed the IJ's decision on the merits rather than concluding that Cosma Garcia waived review, the IJ did not err in rejecting Cosma Garcia's proposed particular social groups of gang violence victims and domestic violence victims because they are defined by the harm suffered. "[A] social group cannot be defined exclusively by the fact that its members *have* been subjected to harm." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007); *see also Hernandez-Chacon v. Barr*, 948 F.3d 94, 101–02 (2d Cir. 2020) (finding insufficient evidence that women who rejected sexual advances of gang members were perceived as a particular social group in El Salvador). Moreover, there is no error in the IJ's particularity finding regarding the proposed group of domestic violence victims. Although *Matter of A–R–C–G–*, 26 I. & N. Dec. 388 (B.I.A. 2014), concluded that a particular social group of women unable to leave abusive relationships could constitute a cognizable social group, Cosma Garcia's proposed group encompassed all victims of domestic violence. *See Paloka*, 762 F.3d at 196 ("The group must also be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective."). This proposed social group is overbroad.

The agency also reasonably concluded that Cosma Garcia did not show that

she would more likely than not be tortured or that government officials would more likely than not acquiesce to her torture. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). "A *private actor's* behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

The agency reasonably concluded that Cosma Garcia's fear of torture was speculative. She had no contact with either of her domestic partners for over 16 years and she could not confirm that one of them was still alive. Regarding gang violence, she did not know the identities of the perpetrators, which gang they belonged to, or whether they were still alive. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). Further, she did not sufficiently establish that the Mexican government would acquiesce to her torture. Evidence reflects

that Mexican federal law and nearly all Mexican states criminalize domestic violence and rape, including spousal rape, the Attorney General's Office has a dedicated Special Prosecutor's office for violence against women with 12 prosecutors, and Mexico has women's shelters and justice centers that provide legal services and protection. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (upholding the denial of CAT relief where the applicant did not report gang violence to the police, concluding that "a finding of acquiescence is not precluded" where there is evidence of "public officials condoning gang torture" but also that it is not compelled where there is other evidence that authorities are combatting gang violence).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court